IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY COOKS, | § | |
|     TDCJ-CID #1109101, | § | |
| v. | § | C.A. NO. C-10-363 |
| | § | |
| ERNEST GUTERREZ, ET AL. | § | |

**OPINION AND ORDER DISMISSING CERTAIN CLAIMS AND RETAINING CASE**

This is a civil rights action filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's pro se complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's failure to protect claims against Warden Guterrez, Captain C. Puente, and Counsel Substitute Norma Saenz are retained, and service shall be ordered on these defendants. Plaintiff's claims against the medical and mental health care defendants are dismissed for failure to state a claim or frivolous pursuant to 28 U.S.C. §1915(e)(2)(B) and §1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the plaintiff, (D.E. 11), this case was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 12); see also 28 U.S.C. § 636(c).

## II. FACTUAL ALLEGATIONS

Plaintiff Anthony Cooks is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this action on November 15, 2010, complaining that his life was in danger, and that prison officials were failing to protect him. He named as defendants Warden Guterrez, Captain C. Puente, and Counsel Substitute Norma Saenz.

On November 22, 2010, the Court ordered plaintiff to submit a More Definite Statement to better explain his claims. (D.E. 8). On December 9, 2010, he filed his More Definite Statement response. (D.E. 10). In that filing, he requested that he be allowed to amend his complaint to raise a claim of deliberate indifference to his serious medical needs against the following individuals: (1) Kimberly Maldonado, a mental health care worker; (2) Elia Martinez, a radiologist technician; (3) Sue Alexander, McConnell Unit psychotherapist; (4) T. Bennett, McConnell Unit psychotherapist; (5) Dr. Herrera; (6) Nurse E. James; and (7) Nurse Terry Burris.

On January 3, 2011, the Court ordered the Attorney General of the State of Texas, as amicus curie, to file copies of plaintiff's medical, grievance, and classification records from January 1, 2010, through the present. (D.E. 13). On February 8, 2011, the Office of the

Attorney General filed under seal copies of plaintiff's mental health records, medical records, and classification and disciplinary files for 2010. (D.E. 19, 20).

On February 24, 2011, a Spears[1] hearing was conducted. The following allegations were made in plaintiff's original complaint or at the hearing.

Plaintiff is currently housed in administrative segregation. During 2009 and 2010, Warden Guterrez allowed Security Threat Groups, including the Mexican Mafia, Texas Syndicate, and Raza Unida, to obtain cell phones and drugs (cocaine and marijuana) through the McConnell Unit staff. If a gang inmate got caught with contraband, Counsel Substitute Saenz and Captain Puente "worked to destroy files of offenders caught with illegal drugs and cell phones," such that they would not receive a disciplinary case or get punished. Over 120 cell phones and 400 pounds of marijuana have been seized in administrative segregation, but the administrative segregation officers are not investigated, and the inmates are not punished. A friend of plaintiff's named Bumper actually died of an overdose from the illegal drugs smuggled into the McConnell Unit.

Plaintiff complained about the illegal trafficking, and in response, gang members began threatening him with physical harm, and even death. Although he has filed repeated life in danger complaints, McConnell Unit officials have denied them.

Plaintiff claims that Warden Guterrez, Captain Puente, and Norma Saenz are not only aware of the contraband smuggling, but condone it, and assist the inmates who participate in it. He claims that defendants' actions have placed his life in danger, that they are aware his life is in

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

danger, but they have ignored his requests for protection and have refused to help him, in violation of the Eighth Amendment.

Concerning his medical claims, plaintiff alleges that, on November 14, 2010, he had a "slight stroke" in his cell. Nurse James and Nurse Burris placed him in the back of the medical building, and left him there for at least four hours before tending to him. Plaintiff admitted that Nurse Burris did take his blood pressure at some point.

Plaintiff is flat-footed and has difficulty with his feet. He was told by a free-world doctor that he needed surgery. Elia Martinez took an x-ray of plaintiff's feet and reported that there was nothing wrong with them, and that he did not need special shoes. However, in January 2011, plaintiff was seen by doctors at John Sealy Hospital and they are "not sure" if he needs special care or surgery for his feet.

Kimberly Maldonado is in charge of the McConnell Unit mental health department. Plaintiff has met with her personally due to his past history with depression, but she tells him that there is nothing wrong with him, and has denied him the proper medications and counseling.

Therapist Bennet discriminates against administrative segregation inmates by prohibiting them from coming to the mental health department, but instead, visiting them cell-side. In addition, she no longer provides services to plaintiff because she falsely alleged that he had "sex conduct" issues. Therapist Sue Alexander denies him treatment. All three mental health care defendants refuse to treat plaintiff and want to send him to the Jester IV Unit.

Plaintiff is suing Dr. Herrera because, despite the fact that plaintiff has high blood pressure, when plaintiff comes to the infirmary with chest pains, Dr. Herrera simply administers him quinidine. He wants Dr. Herrera to order that he be taken to a hospital emergency room.

### III.  DISCUSSION

A.  **Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies.  42 U.S.C. § 1997e(c)(2).  It is well established that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Id. (citation omitted).

B.  **Plaintiff's Failure To Protect Claim Is Retained.**

Plaintiff is suing Warden Guterrez, Captain Puente, and Norma Saenz for failure to protect.  He claims that they condone the contraband smuggling, such that when plaintiff reported it to prison authorities, he was placed in danger.  He argues that, since reporting the smuggling, he has received numerous threats from Security Threat Groups members, and although he has requested safe keeping and other protections, he has been denied it.

Prison officials have a duty to protect prisoners from violence at the hand of other prisoners.  Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)).  A prison official is deliberately indifferent to the inmate's safety if the official

5

knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Id. (citing Farmer, 511 at 847). Deliberate indifference describes a state of mind "more blameworthy than negligence;" there must be "'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Only deliberate indifference will suffice to state a failure to protect claim; mere negligence is not sufficient. See id.; see also Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not support a § 1983 claim).

      Taking plaintiff's allegations as true, he has stated a claim of failure to protect against Warden Guterrez, Captain Puente, and Norma Saenz. According to plaintiff, not only do these officials know of the smuggling problem at McConnell Unit, they also condone it, and allow it to exist. Indeed, he claims that Captain Puente and Norma Saenz assist the smuggling operations by destroying paperwork and dismissing disciplinary cases against the offending inmates involved in the smuggling, and that Warden Guterrez knows of, and approves this arrangement. He argues that, as a result of the smuggling culture and his speaking out against it, his life is now in danger. However, due to the lack of paperwork evidencing the crimes and lack of investigation, he cannot prove his life in danger claims and they are routinely denied, leaving him vulnerable to the threats of the Security Threat Groups members. For purposes of § 1915A, plaintiff has stated facts that if true, would support a claim of failure to protect. Accordingly, plaintiff's claims against these three defendants are retained, and service will be ordered on them.

**C.      Plaintiff's Deliberate Indifference To Serious Medical Needs Claim Is Dismissed.**

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the officials acted with deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Wilson v. Seiter, 501 U.S. 294, 303 (1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam).  Deliberate indifference encompasses more than mere negligence on the part of prison officials. Farmer, 511 U.S. at 835. It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act. Id. Furthermore, negligent medical care does not constitute a valid § 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); see also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("It is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim.").  As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321.  "Deliberate indifference is an "extremely high standard to meet." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

Plaintiff claims that radiologist Elia Martinez read his x-ray and determined there was nothing wrong with his feet, in contrast to what he claims a "free world" doctor told him. This allegation, however, fails to establish that Ms. Martinez ignored a serious medical need. He

testified that she x-rayed his feet, but, based on her reading of his x-ray, she found that plaintiff did not need special shoes or foot surgery. Plaintiff does not claim that Ms. Martinez refused to see him or ignored his complaints. Indeed, she took x-rays, but did not find a problem. At most, plaintiff disagrees with her diagnosis, and such an allegation does not amount to deliberate indifference. See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (a prisoner who merely disagrees with the course of treatment provided, or contends that he should have received additional treatment, does not raise a viable deliberate indifference claim). Accordingly, plaintiff's claim against this defendant is dismissed for failure to state a claim.

Similarly, plaintiff objects to how Dr. Herrera treated his chest pains. When plaintiff was presented to the infirmary with chest pains, Dr. Herrera ordered that he be given quinidine. He contends that he should have been sent to the local emergency room. Again, however, plaintiff's objection to Dr. Herrera's medical treatment is nothing more than a disagreement with the course of treatment Dr. Herrera chose versus what plaintiff believed was best, and is not actionable. Gobert, 463 F.3d at 346. This allegation fails to state a constitutional violation, and therefore, it is dismissed.

Plaintiff has sued his mental health care providers, Kimberly Maldonado, T. Bennett, and Sue Alexander complaining that they deny him psychological counseling and medications. Instead, he asserts they tried to transfer him to the mental health unit, Jester IV Unit, in deliberate indifference to his serious medical needs.

In the voluminous documents submitted by the Office of the Attorney General, over one-third of the records concern plaintiff's mental health care and the services he has been receiving. Between January 1, 2010, and December 31, 2010, plaintiff was seen by mental health care

providers, including these three defendants, on at least 52 occasions, and at least twice a month.[2] He has been diagnosed with "schizo-affective type schizophrenia, unspecified," and has been prescribed numerous anti-psychotic medications, including Haloperidol. The records reflect that he is routinely evaluated by mental health staff concerning his medications and his cell assignment. In addition, he is usually seen by a mental health worker following any disciplinary action. These extensive records demonstrating evaluations, counseling, medication and housing reviews, and routine visits may rebut an inmate's allegations of deliberate indifference. Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995).

Although the § 1915 screening standard requires the Court to accept plaintiff's allegations as true, plaintiff has offered no more than conclusory allegations that the mental health care defendants were denying him care. He could not identify what medications he was no longer receiving that he believed he should be taking, nor could he identify any date on which he sought services but was denied them. Moreover, even if a medication was stopped, this allegation would amount to no more than a disagreement with the course of treatment. Varnado, 920 F.2d at 321 (a disagreement of opinion as to the correct medication or treatment does not constitute an actionable civil rights claim). Plaintiff could not offer dates on which care was allegedly denied, nor what care he believed he was entitled to, but did not receive. Plaintiff's mere conclusory allegations lack an arguable basis in both the facts and law. Accordingly, his

---

[2] Plaintiff was seen on the following dates in 2010 as an outpatient at McConnell Unit mental health services: January 4, 5, 25; February 2, 3, 8, 9, 16; March 1, 25; April 14, 28; May 12, 22; June 2, 4, 6; July 8, 13, 19, 20, 22, 27, 28, 30; August 2, 4, 6, 10, 18, 30; September 1, 7, 16, 27, 28; October 5, 6, 22, 25, 26, 27, 28; November 15, 16, 24; and December 6, 7, 8, 15, 22, 27.

claims of deliberate indifference against the mental health care defendants are dismissed for failure to state a claim or as frivolous.

Finally, plaintiff claims that on November 14, 2010, Nurse James and Nurse Burris denied him medical attention for over four hours following "a slight stroke." He claims that he was brought to the infirmary unconscious, and placed in the back and "left to die." Although he recalls that Nurse Burris took his blood pressure, he does not remember receiving any additional care. He did not receive a diagnosis concerning the incident, but was simply "cleared" and returned to his cell.

Like his mental health records, plaintiff's medical records for 2010 are voluminous. According to the nursing notes for November 14, 2010, at approximately 6:42 p.m., plaintiff was found in his cell "refusing to answer officers or obey lawful orders." (D.E. 23, at 396). He was taken to the infirmary where he was "responsive to ammonia inhalants." Id. He had responsive, sufficient respiratory effort. Id. Nurse James tried to check his papillary response, but in response, plaintiff would "purposefully roll his eyes back to prevent exam from being completed." Id. Nurse James notified Dr. Leininger, who medically cleared plaintiff, but instructed staff to arrange for him to see the psychological staff later the next morning. Id. Dr. Oliver gave orders to place plaintiff on 10W with supervision until he could be seen by the psychological staff. Id. According to Nurse James, after he notified plaintiff of the plan: "... he sat up in bed, looked me in the eye, and spit in my face." Id. Plaintiff was then held down by staff and escorted back on a stretcher to 10W and placed in his cell. Id.

The next day, on November 15, 2010, plaintiff was seen at 7:00 a.m. by Kimberly Maldonado with mental health services. Id. at 160-64. Plaintiff told her that he was not suicidal,

and he believed someone had put something in his coffee.  Id. at 161.  He claimed that he was fine and did not need any psychological services.  Id.  It was noted that he had received multiple disciplinary cases within the last two weeks, but he was cooperative with Ms. Maldonado at the time.  Id.  She found that plaintiff was at low risk for imminent self harm behaviors, and he was released back to his cell at 8:00 a.m.  Id.

Plaintiff's conclusory allegation that he suffered a stroke and was denied medical attention for over four hours is unsustainable.  He claims that he was unconscious, but simultaneously, that he was denied treatment during this time.  He cannot establish what serious medical need he had, that defendants knew of a medical need, and ignored it.  To the extent he complains medical treatment was delayed, delay alone does not give rise to a constitutional violation unless the deliberate indifference by medical staff results in substantial harm.  Mendoza, 989 F.2d at 195.  Plaintiff's complaint is devoid of any allegations that he suffered any injuries as a result of the alleged delay.

Plaintiff fails to state a cognizable claim that defendants were aware of a serious medical need, but ignored that need.  Thus, his claims against Nurse James and Nurse Burris are dismissed for failure to state a claim and as frivolous.

## IV. CONCLUSION

For the reasons stated above, plaintiff's failure to protect claims against Warden Guterrez, Captain Puente and Norma Saenz are retained, and service shall be ordered on these individuals. Plaintiff's claims alleging deliberate indifference to his serious medical needs against the remaining defendants are dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

ORDERED this 3rd day of March 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE